■ In the Matter of the Claim of ALICE M. LEISER, Appellant, against SAKS FIFTH AVENUE, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The claimant-appellant contends that she suffered an occupational disease, papilloma of the bladder, as the result of handling carbon paper in sales slips while working in a department store. No medical testimony was taken, but medical reports were submitted on both sides which the board was entitled to consider if due procedural opportunity had been afforded claimant also to present direct medical testimony. The medical reports showed, on one hand, that the papilloma could have been induced by the carbon paper; and on the other that it could not possibly have been produced by it. The medical issue presented was one of fact. On appeal the claimant argues that she was cut off from producing personal medical and expert chemical testimony to supplement her physician's report by the course of procedure followed by the Referee, who indicated he first wanted to decide the issue of failure to file claim and only if that were decided favorably to claimant would he consider her request to adduce further medical proof. The record shows claimant did not ask to submit this proof. At the close of claimant's testimony on January 3, 1958 the Referee indicated that the first issue to be determined was the failure to file a claim, with the adjournment intended to deal with this subject. The medical issue was left open. At the next hearing, March 3, claimant and carrier and employer were represented by counsel. The Referee said "All sides rest"; claimant's counsel did not suggest that he was not then resting or that he wanted to adduce any further proof on any issue. At the next hearing, April 28,

neither claimant nor her attorney was present and the Referee disallowed the claim on the merits. On appeal claimant does not demonstrate any deprivation of full opportunity to present her claim; and on the record before us the decision is fully justified on the merits. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.